UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:14-CV-899-BO

GUSTAVO ROMANELLO,            )
                              )
    PLAINTIFF,                )
                              )
        VS.                   )
                              )
SELENE FINANCE, LP            )
                              )
    DEFENDANT.                )

**DEFENDANT SELENE FINANCE, LP'S MOTIONS TO DISMISS**

NOW COMES the Defendant Selene Finance, LP (herein "Defendant" or "Selene") through the undersigned counsel, and hereby moves to dismiss the Complaint filed by the Plaintiff Gustavo Romanello (herein "Plaintiff" or "Romanello"), within the time permitted by law, pursuant to Rule 12 of the Federal Rules of Civil Procedure, as follows:

FIRST MOTION TO DISMISS
FED.R.CIV.P. 12(b)(6)

1. NOW COMES the Defendant and hereby moves to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

2. The Plaintiff's Complaint fails to properly plead factual allegations to support his claims. The Plaintiff has offered nothing more than a threadbare attempt to plead the elements of his claim. This is insufficient as a matter of law.

1

3. The Plaintiff is required to plead facts to show that the Defendant obtained his credit report for an improper purpose in order to establish a violation of 15 U.S.C. § 1681b.

4. The Plaintiff rests his entire claim on the allegation that the Defendant is "an entity unfamiliar to him" and that he has never had any "business dealings or account with" the Defendant. (D.E. 1, ¶¶ 7, 21.)

5. However, this allegation is insufficient to show that the Defendant obtained the Plaintiff's credit report for an improper purpose.

6. In fact, this very Plaintiff has had previous Complaints dismissed because he has failed to allege facts to establish a credit report was obtained for an improper purpose. In one of these cases, <u>Romanello v. Capital One Bank (USA), N.A.</u>, No. 5:14-CV-177-FL, 2014 WL 6666900, *4 (E.D.N.C. Nov. 24, 2014), the Court explained that "It is 'not necessary that a Plaintiff have direct dealings with a defendant in order for the defendant to lawfully obtain a consumer report.'" <u>Id</u>. *citing* <u>Gibbons v. GC Servs. LLC</u>, No 5:13-CV-84-BO, 2013 WL 5371620, at *2 (E.D.N.C. Sept. 24, 2013). "The Statute includes several permissible purposes that clearly do not require an active or ongoing business relationship." <u>Id</u>.

7. The Plaintiff's Complaint fails and should be dismissed with prejudice.

## SECOND MOTION TO DISMISS
## FED.R.CIV.P. 12(b)(6)

1. NOW COMES the Defendant and hereby moves to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

2. The Plaintiff's Complaint fails to properly plead factual allegations to support his claims. The Plaintiff has offered nothing more than a threadbare attempt to plead the elements of his claim. This is insufficient as a matter of law.

3. The Plaintiff is required to plead facts to support his conclusory allegation that the Defendant willfully violated the FCRA.

4. The Plaintiff must allege facts such that the court can infer Defendant willfully violated the FCRA in conscious disregard for his rights.

5. However, the Plaintiff's Complaint does not contain any facts regarding the Defendant's mental state or that allow the court to infer the Defendant's mental state. Instead, similar to previous Complaints by the Defendant that have been dismissed by this Court, the Complaint contains a "one sentence legal conclusion" as follows: "The action of Selene obtaining the consumer credit report of Plaintiff with no permissible purpose was a willful violation of the FCRA…" (D.E. 1, ¶ 25).

6. The Plaintiff is well aware this is insufficient to state a claim for violation of the FCRA as a matter of law. The Complaint should be dismissed with prejudice.

### THIRD MOTION TO DISMISS
### FED.R.CIV.P. 12(b)(6)

1. NOW COMES the Defendant and hereby moves to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

2. The Plaintiff's Complaint fails to properly plead factual allegations to support his claims. The Plaintiff has offered nothing more than a threadbare attempt to plead the elements of his claim. This is insufficient as a matter of law.

3. The Plaintiff is required to allege facts to plausibly show that he is entitled to damages as a result of any of the alleged actions of the Defendant.

4. The Plaintiff has not made any factual allegations to establish that he was damaged by the alleged actions of the Defendant.

5. The Plaintiff's failure to make factual allegations to establish that Defendant's alleged actions damaged the Plaintiff is fatal to his Complaint. The Plaintiff's Complaint should be dismissed with prejudice.

The Defendant respectfully requests this Court dismiss all of the Plaintiff's claims with prejudice.

Respectfully submitted this 9th day of February, 2015.

THE LAW OFFICE OF JOHN T. BENJAMIN, P.A.

*/s/ John T. Benjamin, Jr.*
N.C. State Bar No.:  18673
benjamin@lawjtb.com


/s/James R. White
N.C. State Bar No.: 29508
white@lawjtb.com
*Attorneys for Defendant*
1115 Hillsborough Street
Raleigh, NC 27603
T: (919) 755-0060
F: (919) 755-0069

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:14-CV-899-BO

| | |
|---|---|
| **GUSTAVO ROMANELLO,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **SELENE FINANCE, LP** | ) |
| | ) |
| **DEFENDANT.** | ) |

### CERTIFICATE OF SERVICE

I, James R. White, attorney for Defendant, Selene Finance LP, hereby certify that I have this day filed the foregoing **Defendant Selene Finance, LP's Motions to Dismiss** electronically with the Clerk of Court using the CM/ECF system, and that I have mailed a copy of the foregoing upon the other party to this action by placing said copy in a postage prepaid envelope, and depositing the same into the care and custody of the United States Postal Service, first class mail, addressed as follows:

Gustavo Romanello
5317 Cottage Bluff Lane
Knightdale, NC 27545


This the 9th day of February, 2015.

/s/*James R. White*
James R. White
N.C. State Bar No.: 29508
*Attorney for Defendant*
THE LAW OFFICE OF JOHN T. BENJAMIN, JR., P.A.
1115 Hillsborough Street
Raleigh, NC 27603
T: (919) 755-0060
F: (919) 755-0069
white@lawjtb.com