UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:14-CV-899-BO

GUSTAVO ROMANELLO,            )
                              )
    PLAINTIFF,                 )
                              )
        VS.                    )
                              )
SELENE FINANCE, LP             )
                              )
    DEFENDANT.                 )

## DEFENDANT SELENE FINANCE, LP'S MEMORANDUM IN SUPPORT OF ITS MOTIONS TO DISMISS

NOW COMES the Defendant Selene Finance, LP (herein "Defendant" or "Selene") and hereby submits this Memorandum of Law in support of its Motions to Dismiss the Plaintiff's Complaint.

## NATURE OF THE CASE

This matter is another in a series of boilerplate Complaints that the Plaintiff has filed against various entities for what he alleges to be violations of the Fair Credit Reporting Act. The Plaintiff's previous actions were each dismissed on 12(b)(6) motions[1] because the Plaintiff failed to allege sufficient facts to support his claims. The Plaintiff's Complaint in the instant action contains similar deficiencies and should be dismissed with prejudice.

---

[1] Orders were entered in Romanello v. Capital One Bank (USA), N.A., No. 5:14-CV-177-FL, 2014 WL 6666900 (E.D.N.C. Nov. 24, 2014) and Romanello v. BankUnited, N.A. No. 5:14-CV-178-H (E.D.N.C. Oct. 8, 2014)(unpublished).

1

## FACTUAL ALLEGATIONS

The Plaintiff contends in his Complaint that he obtained a copy of his credit report from Transunion on or about February 27, 2013. (D.E. 1, ¶ 7). The Plaintiff's alleged review of the subject credit report allegedly disclosed that Selene made a credit inquiry relating to his credit file for an "account review". (D.E. 1, ¶ 8). The Plaintiff contends that he has not had any business dealings with Selene and that the credit inquiry was for an impermissible purpose. (D.E. 1, ¶ 21). The Plaintiff further asserts Selene's alleged action was a "willful violation of the Fair Credit Report Act." (D.E. 1, ¶ 25).

However, the Plaintiff's Complaint is devoid of any factual allegations that support his conclusory assertions. He does not make any factual allegations relating to Selene's purpose for the alleged account inquiry. In fact, Exhibit A[2] to the Complaint states that Selene had a permissible purpose for the alleged credit inquiry. (D.E. 1, Exhibit A).

The Plaintiff's Complaint is also devoid of facts to support the Plaintiff's contention that the alleged actions of Selene were willful. The only allegation in the entire Complaint relating to Selene's mental state comes in conclusory fashion.

---

[2] This is allegedly the subject credit report obtained by the Plaintiff from Transunion. However, only a portion of the report is included and it is impossible for Selene to verify this document.

Finally, the Plaintiff has failed to allege any facts to establish that he was damaged by the alleged credit inquiry by Selene. Rather, he has attached what he labels "Exhibit A" to the Complaint. This, in fact, establishes the credit inquiry will not damage his credit as it specifically states the inquiry "will not be used in scoring your credit." (D.E. 1, Exhibit A). The Plaintiff's Complaint fails to allege sufficient facts to support a violation of the FCRA.

## ARGUMENT

The U.S. Supreme Court has set forth the standard of review this Court shall use in considering a Motion in ruling on a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Supreme Court has stated that for a Plaintiff to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Further, a pleading containing mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S.Ct. at 1949 (2009) (*quoting* Twombly, 550 U.S. at 555 (2007)). Rather, a plaintiff must assert factual allegations that are "enough to raise a right to relief above the speculative level." Id.

A *pro se* party's complaint is to be liberally construed, as *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Graham v. Chex Sys., No. 5:13-CV-836-FL, 2014 WL 1691269, at *2 (E.D.N.C. Apr. 29, 2014) (*quoting* Erickson v. Pardus, 551 U.S. 89, 94 (2007)). However, "the special judicial solitude with which a district court should view such *pro se* complaints does not transform the court into an advocate." Id. (*quoting* Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990)). The *pro se* party must still satisfy the requirements found in the Federal Rules of Civil Procedure, specifically Rule 8. Salley v. Bank of America, N.A., 5:13-CV-753-D, 2014 WL 2768660, at *3 (E.D.N.C. June 18, 2014); see also Campbell v. Wells Fargo Bank, N.A., No. 5:13-CV-785-D, 2014 WL 5471911, at *2 (E.D.N.C. Oct. 22, 2014)(" The legal sufficiency of a complaint depends, in part, on whether it meets the standards for a pleading stated in Federal Rule of Civil Procedure 8.").

In considering the Motion to Dismiss under Rule 12(b)(6), this Court may review certain documents attached to the Plaintiff's Complaint and other public records without converting this Motion to Dismiss to one for Summary Judgment. Our courts have held:

> Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. However, there are exceptions to the rule that a court may not consider any documents outside of the complaint. Specifically, a court may consider **official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint** so long as the authenticity of these documents is not disputed.

Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396 (4th Cir. 2006) (emphasis added) (unpublished); see also SunTrust Mortg. Inc. v. Busby, 651 F.Supp.2d 472, 479 (W.D.N.C. 2009).

## I. THE PLAINTIFF'S COMPLAINT FAILS BECAUSE HE DOES NOT PLEAD FACTS TO SHOW THAT SELENE MADE A CREDIT INQUIRY FOR AN IMPERMISSIBLE PURPOSE.

Plaintiff asserts his claim under the Fair Credit Reporting Act (herein "FCRA"), 15 U.S.C. § 1681 *et seq*. The FCRA imposes civil liability upon a person or entity that willfully or negligently obtains a credit report for a purpose other than proscribed in 15 U.S.C. § 1681(b). See 15 U.S.C. §§ 1681b(f), 1681n(a) and 1681o(a). "Compliance with the FCRA is largely dependent on what the requesting party intends to do with the information requested." Romanello v. Capital One Bank (USA), N.A., No. 5:14-CV-177-FL, 2014 WL 6666900, at *3 (E.D.N.C. Nov. 24, 2014).

North Carolina District Courts have held that in order to state a claim for willful or negligent credit report acquisition a Plaintiff must allege sufficient facts to establish:

> i) there was a consumer report; and
>
> ii) the defendants used or obtained it; and
>
> iii) the defendants did so without a permissible statutory purpose; and
>
> iv) the defendants acted with the specified culpable mental state

See Id. *citing* King v. Equable Ascent Financial, LLC, No: 1:12-cv-443, 2013 WL 2474377, at *2 (M.D.N.C. June 10, 2013).

Similar to his previous Complaints, the Plaintiff has failed to allege facts to establish that Selene obtained his credit report for an improper purpose. The Court states in the Capitol One opinion, "Plaintiff suggests that defendant had no permissible purpose because plaintiff has no business with the defendant since his 2009 bankruptcy. Standing alone, this assertion is insufficient to save the Complaint." Romanello v. Capital One Bank (USA), N.A., No. 5:14-CV-177-FL, 2014 WL 6666900, at *4 (E.D.N.C. Nov. 24, 2014). That court further noted that "it is 'not necessary that a plaintiff have direct dealings with a defendant in order for the defendant to lawfully obtain a consumer report.'" Id. *citing* Gibbons v. GC Servs. LLC, No. 5:13-CV-84-BO, 2013 WL 5371620, at *2 (E.D.N.C. Sept. 24, 2013). Other federal courts have also affirmed this principal stating, "no part of the FCRA prevents third-parties from searching a person's credit report, even ones with no previous relationship to the person, provided the inquiry is

done for a permissible purpose." Perez v. Portfolio Recovery Associates, LLC, No. 12-1603(JAG), 2012 WL 5373448, at *2 (D.P.R. Oct 30, 2012). The Capitol One Court went on to hold "the complaint must be dismissed because plaintiff has failed to allege facts from which the court can infer defendant acted without a permissible purpose." Romanello v. Capital One Bank (USA), N.A., No. 5:14-CV-177-FL, 2014 WL 6666900, at *4 (E.D.N.C. Nov. 24, 2014)

The Plaintiff's Complaint in this action must also be dismissed for the very same deficiency. The Plaintiff bases his entire Complaint on his allegations that Selene is "unfamiliar to him" and that he has not had any previous business relationships with Selene. (D.E. 1. ¶¶ 7 and 21). That does not establish Selene's purpose for allegedly obtaining his credit report. This is fatal to the Plaintiff's Complaint and it should be dismissed with prejudice.

## II. THE PLAINTIFF'S COMPLAINT FAILS BECAUSE HE DOES NOT PLEAD FACTS TO ESTABLISH THAT SELENE ACTED WITH THE REQUISITE CULPABLE MENTAL STATE.

The fourth element of the Plaintiff's claim requires that the Complaint contain factual allegations for the court to infer Selene had the requisite culpable mental state. The Plaintiff's Complaint, however, is devoid of any factual allegations that pertain to Selene's mental state.

The one and only allegation in the Plaintiff's entire Complaint regarding Selene's mental state appears in paragraph 25 which states, "The action of Selene obtaining the consumer credit report of Plaintiff with no permissible purpose was a willful violation of the FCRA…" This is insufficient as a matter of law.

The Plaintiff pled in the Capitol One case that "defendant willfully violated the FCRA by requesting his consumer report without a proper purpose." Romanello v. Capital One Bank (USA), N.A., No. 5:14-CV-177-FL, 2014 WL 6666900, at *5 (E.D.N.C. Nov. 24, 2014). The Court, in dismissing the Complaint, stated "to state a claim for a willful violation plaintiff must allege sufficient facts so that the court can infer defendant 'knowingly and intentionally committed [the violation]… in conscious disregard for [his] rights." Id. *citing* Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 418 (4th Cir. 2001). Further, the court noted,

> the complaint contains only a one-sentence legal conclusion alleging defendant 'willfully violated 15 U.S.C. sec. 1681b(f) by obtaining Plaintiff's consumer reports without a permissible purpose.' This is insufficient as a matter of law to demonstrate that defendant knowingly and intentionally violated plaintiff's rights.

Romanello v. Capital One Bank (USA), N.A., No. 5:14-CV-177-FL, 2014 WL 6666900, at *5 (E.D.N.C. Nov. 24, 2014). Based on this

deficiency, the court stated, the "Complaint must be dismissed." Id.

The exact same deficiency exists in the Plaintiff's current Complaint. The Plaintiff's Complaint is insufficient as a matter of law and must be dismissed.

### III. THE PLAINTIFF'S COMPLAINT FAILS BECAUSE HE DOES NOT PLEAD FACTS TO ESTABLISH THAT HE WAS DAMAGED.

Finally, even if the Plaintiff had pled facts to establish an impermissible purpose, his claim still must be dismissed because he has failed to plead facts to show that he was damaged by the alleged actions of Selene. The Plaintiff was required to allege facts that plausibly suggest that he is entitled to damages. See King v. Equable Ascent Financial, LLC, No. 1:12-CV-443, 2013 WL 2474377 (M.D.N.C. June 10, 2013) *citing* Novak v. Experian Info. Solutions, Inc., 782 F.Supp.2d 617, 623-624 (N.D. Ill. 2011).

The King court pointed out that the Plaintiff in that case had failed to plead facts to support the claim for damages. In particular, the Court wrote, "He did not allege, for example, that the unauthorized request for a credit report affected his ability to get a specific loan or line of credit or interfered with his ability to rent a specific home or get a specific job." Id. at *4.

In the present matter, the Plaintiff has similarly failed to plead any facts to establish that he was damaged by the alleged actions of Selene. There are not any allegations relating to any alleged item of damage incurred by the Plaintiff. His Complaint should be dismissed with prejudice.

## CONCLUSION

The Plaintiff's Complaint is nothing more than a conglomeration of a threadbare recitation of the statute and legal "catch phrases". Importantly, the facts to establish the necessary elements of the Plaintiff's claim are unpled. The Plaintiff should be dismissed with prejudice.

Respectfully submitted this 9th day of February, 2015.

THE LAW OFFICE OF JOHN T. BENJAMIN, P.A.

*/s/ John T. Benjamin, Jr.*
N.C. State Bar No.:  18673
benjamin@lawjtb.com

/s/James R. White
N.C. State Bar No.: 29508
white@lawjtb.com
*Attorneys for Defendant*
1115 Hillsborough Street
Raleigh, NC 27603
T: (919) 755-0060
F: (919) 755-0069

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:14-CV-899-BO

| | |
|---|---|
| **GUSTAVO ROMANELLO,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **SELENE FINANCE, LP** | ) |
| | ) |
| **DEFENDANT.** | ) |

### CERTIFICATE OF SERVICE

I, James R. White, attorney for Defendant, Selene Finance LP, hereby certify that I have this day filed the foregoing **Memorandum in Support of Its Motions to Dismiss** electronically with the Clerk of Court using the CM/ECF system, and that I have mailed a copy of the foregoing upon the other party to this action by placing said copy in a postage prepaid envelope, and depositing the same into the care and custody of the United States Postal Service, first class mail, addressed as follows:

Gustavo Romanello
5317 Cottage Bluff Lane
Knightdale, NC 27545

This the 9th day of February, 2015.

/s/*James R. White*
James R. White
N.C. State Bar No.: 29508
*Attorney for the Defendant*
THE LAW OFFICE OF JOHN T. BENJAMIN, JR., P.A.
1115 Hillsborough Street
Raleigh, NC 27603
T: (919) 755-0060
F: (919) 755-0069
white@lawjtb.com