UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | | |
|---|---|---|
| Gustavo Romanello | ) | |
| | ) | |
| Vs. | ) | Case No. 5:14-CV-899-BO |
| | ) | |
| Selene Finance, LP | ) | |

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

To this Court's Honorable United States District Judge:

COMES NOW Plaintiff, Gustavo Romanello, who hereby submit his response to Defendant's Motion to Dismiss for failure to state a claim and state as follows:

INTRODUCTION

1. On December 30, 2014 Plaintiff filed a lawsuit for a violation of the Fair Credit Reporting Act (FCRA) 15 U.S.C. sec. 1681 et seq. against Defendant Selene Finance, LP (hereinafter Selene).
2. Defendant filed a Motion for extension of time on January 7, 2015 and it was granted on January 15, 2015.
3. On February 9, 2015 Selene filed a Motion to Dismiss for failure to state a claim upon which relief can be granted.
4. On March 4, 2015 Plaintiff timely files this response in opposition to Defendant's Motion to Dismiss.

ARGUMENTS AND AUTHORITIES

A Plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". Ashcroft v. Iqbal, 129 W. Ct. 1937, 1950 (2009).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader in entitled to relief", in order to "give the defendant notice of what the ...claim is and the grounds upon which it rests", Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

"A complaint attacked by rule 12(b)(6) motion to dismiss, does not need detailed factual allegations", Id. At 555.

When considering defendants motions, the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff, see Jones v. General Electric Co., 87 F.3d 209, 211 (7th cir. 1996).

And when considering a motion to dismiss the court must keep in mind that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers", Erickson v. Pardus, 551 U.S. at 83 (2007), Exh. A

In Defendant's First Motion to Dismiss they expect Plaintiff to know the reason for them obtaining the credit report, that's ridiculous, Selene provided an unsatisfactory answer in their letter to Plaintiff, that fact was the basis for drawing the inference that Selene had no permissible purpose to obtain the credit report, and in the letter they admit there's no present or past accounts with Plaintiff's name. See Docket Entry 1 #5

In Defendant's Second Motion to Dismiss, Selene expects Plaintiff to specify the mental state of Defendant at the time of obtaining the credit report, that's ludicrous.

There was no previous creditor/debtor relationship between Selene and Plaintiff unlike in Plaintiff's previous lawsuit Romanello v. Bank United, N.A. 5:14-CV-178H (E.D.N.C. Oct. 2014) or as in Smith v. Bob Smith Chevrolet, Inc. 275 F. Supp. 2d 808, 817 (W.D.Ky. 2003) ("inferring from business dealings

between Plaintiff and Defendant that Defendant obtained Plaintiff's credit report for its own business purposes, not in connection with a standard business transaction initiated by Plaintiff").

"But when the person or entity obtaining the report is a complete stranger to the consumer, it seems to be asking a bit much for the consumer to read the mind of this complete stranger, or phrased more prosaically, to know the purpose for which the person or entity asked for the consumer's report", see King v. Equable Ascent Fin., Llc. 1:12-CV-443 Doc. 19 at *6 (M.D.N.C. 2013). Exh. B.

Defendant's Third Motion to Dismiss asks for factual allegations to establish that Plaintiff was damaged, but they fail to realize that nowhere in the FCRA statutes states that Plaintiff is required to show his actual damages, the FCRA is a strict liability statute and Plaintiff is only asking for statutory damages. Plaintiff assertions will likely have evidentiary support after a reasonably opportunity for further investigation through discovery of Defendant's reason for obtaining the credit report.

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny the Defendant's Motion to Dismiss and allow Plaintiff's claim to move forward to trial on the merits, should the Court find that he has failed to state a claim upon which relief can be granted, that Plaintiff be granted leave to amend his complaint to satisfy any deficiencies identified by the court.

Respectfully submitted this 4th day of March, 2015

Gustavo Romanello
5317 Cottage Bluff ln.
Knightdale, NC 27545
tangogaucho@gmail.com   919-649-4494

# CERTIFICATE OF SERVICE

The undersigned hereby certify that on March 4, 2015 a copy of the foregoing Plaintiff's response in opposition to Defendant's Motion to Dismiss was served upon the other party to this action via First Class Mail through the United States Postal Service, addressed as follows:

James R. White
Attorney for Defendant
The Law Office of John T. Benjamin, Jr., P.A.
1115 Hillsborough Street
Raleigh, NC 27603

This 4th day of March, 2015

Gustavo Romanello
5317 Cottage Bluff ln.
Knightdale, NC 27545
tangogaucho@gmail.com
919-649-4494