UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:14-CV-899-BO

GUSTAVO ROMANELLO,        )
                          )
    PLAINTIFF,             )
                          )
        VS.                )
                          )
SELENE FINANCE LP          )
                          )
    DEFENDANT.             )

## DEFENDANT SELENE FINANCE LP'S REPLY IN SUPPORT OF ITS MOTIONS TO DISMISS

NOW COMES the Defendant Selene Finance LP (herein "Defendant" or "Selene") through the undersigned counsel and pursuant to Rule 7.1 of the Local Rules of Procedure for the United States District Court for the Eastern District of North Carolina and hereby replies to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (herein "Response"), as follows:

**I. PLAINTIFF'S RESPONSE FAILS TO IDENTIFY ANY ALLEGED FACTS THAT ESTABLISH A WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT.**

Selene argued in its brief in support of its Motions to Dismiss that the Plaintiff's Complaint fails because he has not pled facts to support his allegation that Selene willfully violated the Fair Credit Reporting Act. The Plaintiff's response fails to point out any facts to support his conclusory allegation that Selene's actions were willful. Rather, his

1

argument is that he is not required to set forth facts that establish Selene's mental state[1]

The Plaintiff's argument is erroneous as a matter of law. The Plaintiff must allege facts to establish that Selene's actions were willful in order to properly plead a claim for a willful violation of the FCRA. See Romanello v. Capital One Bank (USA), N.A., No. 5:14-CV-177-FL, 2014 WL 6666900, at *5 (E.D.N.C. Nov. 24, 2014) (This case involves this particular Plaintiff). That means the Plaintiff's Complaint must contain factual allegations that establish Selene's mental state in allegedly obtaining his credit report. Simply pleading, in conclusory fashion, that Selene's actions were willful is not enough.

This pleading requirement is well settled. In fact, the very case that the Plaintiff attaches to his Response makes this point clear. In King v. Equable Ascent Financial, LLC, No: 1:12-cv-443, 2013 WL 2474377, at *4 (M.D.N.C. June 10, 2013), the Court wrote, "In addition, Mr. King has not alleged any facts to support a claim of intentional violation". The King court cited Singleton v. Domino's Pizza, LLC, No. DKC 11-1823, 2012 WL 245965, at *4 (D. Md. Jan. 25, 2012) which held "a mere assertion of willful noncompliance with the FCRA will not, on its own, satisfy Rule 8(a)." As a result of the plaintiff's

---

[1] This is a characterization of the Plaintiff's argument. He actually says that it is "ludicrous" to contend that he should know Selene's mental state.

failure to plead the facts to support a willful violation, the King Court granted the Defendant's Motion to Dismiss.

Similarly, the Plaintiff has not alleged any facts to establish a willful violation. His conclusory allegation that Selene willfully violated the FCRA is inadequate as a matter of law and his Complaint should be dismissed.

**II. PLAINTIFF'S RESPONSE ERRONEOUSLY STATES THE LAW OF DAMAGES UNDER THE FCRA.**

The Plaintiff contends that the FCRA is a strict liability statute. However, the FCRA treats a willful violation differently than a negligent violation. The case that the Plaintiff cites explains the law of damages under the FCRA.

> Persons who willfully fail to comply are liable to the consumer for statutory damages of at least $100 for each violation and actual damages, if they are larger. 15 U.S.C. § 1681n. Persons who act negligently are liable to the consumer for 'any actual damages sustained by the consumer. 15 U.S.C. § 1681o(a).

King v. Equable Ascent Financial, LLC, No: 1:12-cv-443, 2013 WL 2474377, at *2 (M.D.N.C. June 10, 2013).

The Plaintiff states in his response that he is not seeking actual damages. D.E. 13, p 3. That means that he has abandoned and/or cannot recover for a negligent violation of the FCRA. His only recompense is to show that there was a willful violation of the FCRA. He has failed to do this as shown above. His claim fails as a matter of law and should be dismissed.

## III. PLAINTIFF'S RESPONSE DOES NOT SAVE HIM FROM THE FAILURE TO PLEAD FACTS TO ESTABLISH THE PURPOSE BEHIND THE ALLEGED CREDIT INQUIRY.

The Plaintiff relies on language from the King opinion in an attempt to support his Complaint. D.E. 13, p.3. However, the Plaintiff ignores that the King Court dismissed the complaint for failure to properly allege facts that establish the credit report was obtained for an improper purpose. The King Court found that the plaintiff had alleged some facts that addressed some of the permissible purposes "but there are several other common permissible purposes as to which the complaint is silent." King v. Equable Ascent Financial, LLC, No: 1:12-cv-443, 2013 WL 2474377, at *3 (M.D.N.C. June 10, 2013).

The Plaintiff in the present matter alleges that Selene told him in a response letter that it did not have any "record of servicing a loan or no active or past accounts with Plaintiff's name". D.E. 1, ¶ 14. However, similar to King, there are other permissible purposes for obtaining a credit report under the statute as to which the Plaintiff's Complaint is silent. For example, 15 U.S.C.A. § 1681b(a)(3)(D) states a permissible purposes is for the use of the information "as a *potential* investor or servicer...". (Emphasis Added). The Plaintiff has not alleged any facts to address this purpose under the statute. The King court makes it clear this pleading

deficiency is fatal to the Plaintiff's Complaint and it should be dismissed.

## Conclusion

The Plaintiff attempts to justify his pleading deficiencies by citing <u>Erickson v. Pardus</u>, 551 U.S. 89, 127 S.Ct. 2197, 167 L.E.2d 1081 (2007) for the proposition that a pro se Complaint must be held to less stringent standards. However, the 4th Circuit has stated, "We do not read <u>Erickson</u> to undermine <u>Twombly's</u> requirement that a pleading contain 'more than labels and conclusions.'" <u>Giarrantano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008). The Plaintiff must still meet his obligation to plead the necessary facts to support a willful violation of the FCRA. He did not do that.

The Defendant respectfully requests this Court dismiss all of the Plaintiff's claims with prejudice.

Respectfully submitted this 13th day of March, 2015.

    THE LAW OFFICE OF JOHN T. BENJAMIN, P.A.

        */s/ John T. Benjamin, Jr.*
        N.C. State Bar No.:  18673
        benjamin@lawjtb.com

        /s/James R. White
        N.C. State Bar No.: 29508
        white@lawjtb.com
        *Attorneys for Defendant*
        1115 Hillsborough Street
        Raleigh, NC 27603
        T: (919) 755-0060
        F: (919) 755-0069

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:14-CV-899-BO

| | |
|---|---|
| **GUSTAVO ROMANELLO,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| VS. | ) |
| | ) |
| **SELENE FINANCE LP** | ) |
| | ) |
| **DEFENDANT.** | ) |

### CERTIFICATE OF SERVICE

I, James R. White, attorney for Defendant, Selene Finance LP, hereby certify that I have this day filed the foregoing **Defendant Selene Finance LP's Reply to the Plaintiff's Response to the Defendant's Motions to Dismiss** electronically with the Clerk of Court using the CM/ECF system, and that I have mailed a copy of the foregoing upon the other party to this action by placing said copy in a postage prepaid envelope, and depositing the same into the care and custody of the United States Postal Service, first class mail, addressed as follows:

Gustavo Romanello
5317 Cottage Bluff Lane
Knightdale, NC 27545

This the 13th day of March, 2015.

/s/*James R. White*
James R. White
N.C. State Bar No.: 29508
*Attorney for Defendant*
THE LAW OFFICE OF JOHN T. BENJAMIN, JR., P.A.
1115 Hillsborough Street
Raleigh, NC 27603
T: (919) 755-0060
F: (919) 755-0069
white@lawjtb.com