IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-899-BO

| | | |
|---|---|---|
| GUSTAVO ROMANELLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| SELENE FINANCE, LP | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons discussed below, defendant's motion is granted.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this action against defendant under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Plaintiff alleges that on October 31, 2012, defendant obtained a consumer credit report of plaintiff with no permissible purpose in violation of 15 U.S.C. § 1681b. Plaintiff further alleges that he never had any business dealings or accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from defendant. *See* 15 U.S.C. § 1681b(a)(3) (listing permissible purposes for which a consumer reporting agency may furnish a consumer report). Defendant seeks to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570.

The Fair Credit Reporting Act (FCRA) imposes civil liability on any person or entity who willfully or negligently obtains a credit report for a purpose other than one provided for by the Act. 15 U.S.C. §§ 1681b; 1681n; 1681o. A plaintiff must allege the following in order to state a claim for relief related to the request of a consumer report without a permissible purpose: "1) the existence of a consumer report; 2) used or obtained by the defendant; 3) without a permissible statutory purpose; and 4) done with the specified culpable mental state." *Romanello v. Capital One Bank (USA), N.A.*, No. 5:14-CV-177-FL, 2014 WL 6666900, at *3 (E.D.N.C. Nov. 24, 2014) (noting the absence of Fourth Circuit precedent and citing district court cases holding same).

Plaintiff's complaint states that defendant "pulled" his credit report without permissible purpose, and in support thereof plaintiff alleges the absence of several permissible purposes

2

Case 5:14-cv-00899-BO   Document 15   Filed 05/19/15   Page 2 of 4

provided for by the Act and that plaintiff never had any business dealings or accounts with defendant. However, as this Court has previously stated, it is not necessary that a plaintiff have direct dealings with a defendant in order for a defendant to lawfully obtain a consumer report. *Gibbons v. GC Servs., LLC*, No. 5:13-CV-84 (E.D.N.C. Sept. 24, 2013). Moreover, the letter from defendant to plaintiff attached to plaintiff's complaint references that defendant is a debt collector; obtaining a consumer report in connection with collection activities is a permissible purpose. 15 U.S.C. § 1681b(a)(3)(A); *Boston v. Client Services of Missouri, Inc.*, No. 3:13CV184, 2013 WL 5925902, at *2 (W.D.N.C. Nov. 1, 2013). Plaintiff has not alleged that defendant was not in fact a debt collector, and any failure by defendant to provide plaintiff with proof of a permissible purpose in response to his inquiry "by itself, does not provide sufficient support for a claim that [d]efendant lacked a permissible purpose for obtaining the report." *Vecchione v. Professional Recovery Consultants, Inc.*, No. 1:13CV584, 2014 WL 6972397, at *3 (M.D.N.C. December 9, 2014).

Nor has plaintiff alleged any facts whatsoever which would support that defendant acted with a culpable mental state, that is, either willfully or negligently. *See Singleton v. Domino's Pizza, LLC*, No. DKC 11-1823, 2012 WL 245965, at *4 (D.Md. Jan. 25, 2012) ("a mere assertion of willful noncompliance with the FCRA will not, on its own, satisfy Rule 8(a)" and discussing facts which might support an allegation that a defendant acted willfully in obtaining a consumer report without a permissible purpose); *see also Client Services of Missouri*, 2013 WL 5925902, at *2 ("where defendants have made a good faith mistake in pulling a consumer report, there is no violation of the FCRA."). At bottom, plaintiff's complaint contains no more than a recitation

3

of the elements of a cause of action and conclusory statements in support. For this reason, even accepting plaintiff's allegations as true, he has failed to state a plausible claim for relief.[1]

## CONCLUSION

Accordingly, defendant's motion to dismiss [DE 10] is GRANTED. Plaintiff's complaint is DISMISSED in its entirety. The clerk is DIRECTED to enter judgment and to close the file.

SO ORDERED, this 19 day of May, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] In his response to the motion to dismiss, plaintiff seeks leave to amend his complaint to "satisfy any deficiencies identified by the court." [DE 13]. Plaintiff has failed to proffer any additional facts which would support his claim, however, and thus the request to amend is denied. *See* 6 Wright, Miller, Kane, Marcus & Steinman, *Federal Practice and Procedure* § 1485 (3d ed.) ("a copy of the amendment should be submitted with the motion so that the court and the adverse party know the precise nature of the pleading changes being proposed.").